**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **J.G.**, a minor child<br>A known individual whose identity<br>is being withheld | : | Case No. |
| | : | |
| and | : | District Judge: |
| | : | |
| **Jane Doe**, natural mother and guardian of J.G.<br>A known individual whose identity<br>is being withheld | : | Magistrate Judge: |
| | : | |
| and | : | |
| | : | |
| **John Smith**, natural father and guardian of J.G.<br>A known individual whose identity<br>is being withheld | : | |
| | : | |
| Plaintiffs | : | **COMPLAINT FOR RAPE, SEXUAL BATTERY, BATTERY, ASSAULT, FALSE IMPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT, INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE AND RECKLESS ACTS, VIOLATION OF TITLE IX, FAILURE TO REPORT ABUSE, LOSS OF CONSORTIUM, LIABILITY OF PARENTS FOR ASSAULTS BY MINOR CHILDREN AND VIOLATION OF DUE PROCESS** |
| vs. | : | |
| **J.W.**, a minor child<br>A known individual whose identity<br>is being withheld | : | |
| | : | |
| and | : | |
| | : | |
| **Jane Doe 2**, natural mother and guardian of J.W.<br>Address Unknown | : | |
| | : | |
| And | : | |
| | : | |
| **John Smith 2**, natural father and guardian of J.W.<br>Address Unknown | : | **(with Jury Demand endorsed hereon)** |
| | : | |

and                                                                 :

**D.W.**, a minor child                                             :
A known individual whose identity
is being withheld                                                   :

and                                                                 :

**Jane Doe 3**, natural mother and guardian of D.W.:
Address Unknown
                                                                    :
and
                                                                    :
**John Smith 3**, natural father and guardian of D.W.
Address Unknown                                                     :

and                                                                 :

**Trotwood-Madison City School District**          :
3594 N. Snyder Rd
Trotwood, Ohio 45426                                                :

and                                                                 :

**Kevin Bell**                                                      :
3594 N. Snyder Rd.
Trotwood, Ohio 45426                                                :

and                                                                 :

**Terry Logan**                                                     :
4440 N. Union Rd.
Trotwood, Ohio 45426                                                :

**Rexann Wagnar**                                                   :
Address Unknown
                                                                    :
and
                                                                    :
**D. H.**
A known individual whose                                            :
identity is being withheld
4440 N. Union Rd.
Trotwood, Ohio 45426                                                :
                                                                    :
         Defendants

Page 2 of 13

Now come Plaintiffs, J.G., a minor child ("J.G."), Jane Doe, natural mother and guardian of J.G. ("Doe"), John Smith, natural father and guardian of J.G. ("Smith"), (collectively "Plaintiffs"), by and through counsel, and for their Complaint against Defendants, J.W., a minor child ("J.W."), Jane Doe 2, natural mother and guardian of J.W. ("Doe 2"), John Smith 2, natural father and guardian of J.W. ("Smith 2"), D.W., a minor child ("D.W."), Jane Doe 3, natural mother and guradian of D.W. ("Doe 3"), John Smith 3, natural father and guardian of D.W. ("Smith 3"), Trotwood-Madison City School District (the "District"), Kevin Bell ("Bell"), Terry Logan ("Logan"), Rexann Wagner ("Wagner") and D. H. ("D.H."), state and aver as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under Article III §1 of the United States Constitution, the provisions of §1331, §1343(a)(3) and 28 U.S.C. §1367 with respect to state law claims.

2. Venue is established in this judicial district under 28 U.S.C. §1391(b) in that the events giving rise to this claim occurred in this district and the parties are residents of this district.

## PARTIES

3. At all times relevant, J.G. was a minor child residing in Montgomery County, Ohio and attending Trotwood-Madison High School in Montgomery County, Ohio.

4. At all times relevant, Jane Doe was, and remains, the natural mother and guardian of J.G., residing in Montgomery County, Ohio.

5. At all times relevant, John Smith was, and remains, the natural father and guardian of J.G., residing in the Montgomery County, Ohio.

6. At all time relevant, J.W. was a minor child residing in Montgomery County, Ohio and attending Trotwood-Madison High School in Montgomery County, Ohio.

7. At all times relevant, Jane Doe 2 was, and remains, the natural mother and guardian of J.W.

8. At all times relevant, John Smith 2 was, and remains, the natural father and guardian of J.W.

9. At all times relevant, D.W was a minor child residing in Montgomery County, Ohio and attending Trotwood-Madison High School in Montgomery County, Ohio.

10. At all times relevant, Jane Doe 3 was, and remains, the natural mother and guardian of D.W.

11. At all times relevant, John Smith 3 was, and remains, the natural father and guardian of D.W.

12. Defendant, Trotwood-Madison City School District is a governmental entity existing under the laws of the State of Ohio located in Montgomery County, Ohio.

13. At all times relevant, Bell was the Assistant Superintendent of the District, and is currently the Superintendent of the District.

14. At all times relevant, Logan was the Principal of Trotwood-Madison High School and an employee of the District.

15. At all times relevant, Wagner was the Superintendent of the District.

16. At all times relevant, D.H. was a teacher at Trotwood-Madison High School and an employee of the District.

## FACTUAL BACKGROUND

17. Trotwood-Madison High School has a drama club curriculum which is managed by and overseen by D.H.

18. J.G. was a member of the drama club at Trotwood-Madison High School and was attending drama club on the afternoon of November 16, 2011.

19. On the afternoon of November 16, 2011, while waiting for drama club to begin, J.G. was sexually assaulted and raped by J.W. and D.W. in a storage closet at Trotwood-Madison High School.

20. After being attacked, J.G. reported the events to D.H. who was overseeing the drama club practice in the auditorium where the attack took place.

21. D.H. drove J.G. home and failed to alert her parents that J.G. had been attacked at school.

22. D.H. failed to immediately report the attack on J.G. to the public children's services agency or the police department.

23. D.H. never reported the attack to the public children's services agency or the police department, but instead reported it to Logan on November 17, 2011.

24. The District, Wells, Logan and Wagner failed to appropriately discipline J.W. and G.W., removing them from their drama club but allowing them to remain on their sports team.

25. J.G. was suspended from school for three days following the attack.

26. J.G. was subjected to harassment, embarrassment, bullying and ridicule by classmates for weeks following the attack.

27. The District, Wells, Logan and Wagner failed to protect J.G. after the attack depriving her of her education.

28. J.G. has suffered severe mental and physical bodily distress due to the actions and inactions of the Defendants and was forced to seek medical and psychological treatment for her injuries, which is anticipated to be ongoing.

## FIRST CAUSE OF ACTION
### (Rape)

29. Plaintiffs incorporate the averments contained in paragraphs 1 through 28 as if fully rewritten herein.

30. J.W. and D.W. engaged in sexual conduct with J.G. through force and/or threat of force.

31. As a direct and proximate result of the rape of J.G. by J.W. and D.W., J.G. has suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION
### (Sexual Battery)

32. Plaintiffs incorporate the averments contained in paragraphs 1 through 31 as if fully rewritten herein.

33. J.W. and D.W. engaged in sexual conduct with J.G. by coercion.

34. As a direct and proximate result of the acts of J.W. and D.W., J.G. has suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

## THIRD CAUSE OF ACTION
### (Battery)

35. Plaintiffs incorporate the averments contained in paragraphs 1 through 34 as if fully rewritten herein

36. J.W. and D.W. intentionally caused harmful and offensive contact upon J.G.

37. As a direct and proximate result of the battery of J.G. by J.W. and D.W., J.G. has suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

## FOURTH CAUSE OF ACTION
### (Assault)

38. Plaintiffs incorporate the averments contained in paragraphs 1 through 37 as if fully rewritten herein.

39. J.W. and D.W. intentionally caused an apprehension of immediate harmful and offensive contact upon J.G.

40. As a direct and proximate result of the assault of J.G. by J.W. and D.W., J.G. has suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

### FIFTH CAUSE OF ACTION
### (False Imprisonment)

41. Plaintiffs incorporate the averments contained in paragraphs 1 through 40 as if fully rewritten herein.

42. J.W. and D.W. intentionally confined and restrained J.G. within the storage closet at Trotwood-Madison High School without reasonable means of escape.

43. As a direct and proximate result of the false imprisonment of J.G. by J.W. and D.W., J.G. has suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

### SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

44. Plaintiffs incorporate the averments contained in paragraphs 1 through 43 as if fully rewritten herein.

45. J.W. and D.W. intentionally and/or recklessly caused Plaintiffs emotional distress by their extreme and outrageous conduct which was beyond the bounds of decency.

46. As a direct and proximate result of the acts by J.W. and D.W., Plaintiffs have suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

### SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

47. Plaintiffs incorporate the averments contained in paragraphs 1 through 46 as if fully rewritten herein.

48. Plaintiffs have suffered serious emotional distress as a result of J.W. and D.W.'s negligent actions and the harassment, tormenting and bullying and such distress was reasonably foreseeable by J.W. and D.W.

49. As a direct and proximate result of the acts by Defendants, Plaintiffs have suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

### EIGHTH CAUSE OF ACTION
### (Gross Negligence and Reckless Acts)

50. Plaintiffs incorporate the averments contained in paragraphs 1 through 49 as if fully rewritten herein.

51. Defendants failed to use reasonable care to avoid injuring or further injuring Plaintiffs.

52. As a direct and proximate result of the acts of Defendants, Plaintiffs have suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

### NINTH CAUSE OF ACTION
### (Violation of Title IX of the Education Amendments of 1972,
### 20 U.S.C.S. §1681 et seq.)

53. Plaintiffs incorporate the averments contained in paragraphs 1 through 52 as if fully rewritten herein.

54. The District, Wells, Logan and D.H. violated their responsibilities under Title IX of the Education Amendments of 1972, 20 U.S.C.S. § 1681 et seq., by failing to respond promptly and effectively to sexual harassment and sexual violence within Trotwood-Madison High School.

55. As a direct and proximate result of the acts of Defendants, Plaintiffs have suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

## **TENTH CAUSE OF ACTION**
**(Failure to Report Known Child Abuse)**

56. Plaintiffs incorporate the averments contained in paragraphs 1 through 55 as if fully rewritten herein.

57. D.H. was a school teacher and school employee, acting in an official professional capacity at the time of the attack on J.G.

58. D.H. knew that J.G., a child under eighteen years of age, suffered physical injury of a nature that reasonably indicated abuse of the child.

59. D.H. had a duty to report known or suspected child abuse, pursuant to Ohio Revised Code §2151.421.

60. D.H. failed to immediately report that knowledge to the Montgomery County children's services agency, or a municipal or county police officer.

61. As a direct and proximate result of the acts of D.H., Plaintiffs have suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

## **ELEVENTH CAUSE OF ACTION**
**(Loss of Consortium)**

62. Plaintiffs incorporate the averments contained in paragraphs 1 through 61 as if fully rewritten herein.

63. As a direct and proximate result of the acts of Defendants, Doe and Smith have been denied the society, companionship, comfort, love and consortium of their daughter.

64. As a direct and proximate result of the acts of Defendants, Doe and Smith have suffered harm in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

## TWELFTH CAUSE OF ACTION
### (Liability of Parents for Assaults by Minor Children)

65. Plaintiffs incorporate the averments contained in paragraphs 1 through 64 as if fully rewritten herein.

66. J.W. and D.W. willfully and maliciously assaulted J.G. by a means or force likely to produce great bodily harm.

67. Pursuant to Ohio Revised Code §3109.10, as the parents and natural guardians of J.W. and D.W., Doe 2, Smith 2, Doe 3 and Smith 3, are liable to Plaintiffs for compensatory damages and costs of suit for the assault on J.G.

68. As a direct and proximate result of the acts of J.W. and D.W., Doe 2, Doe 3, Smith 2 and Smith 3 are liable to Plaintiffs in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

## THIRTEENTH CLAIM FOR RELIEF
### (Violation of Due Process under 42 U.S.C. §1983)

69. Plaintiffs incorporate the averments contained in paragraphs 1 through 68 as if fully rewritten herein.

70. At all times relevant hereto the District, Bell, Logan, Wagner and D.H. promulgated and maintained specific rules and regulations designed to protect students, including, and without limitation, J.G., from violence, bullying and harassment and published said rules and regulations to teachers, administrators and all other faculty and staff.

71. Defendants took no reasonable steps before or after the attack on J.G. to protect her from the attack or the resulting harassment and bullying.

72. Defendants, acting under color of law and acting pursuant to customs and policies of the District, deprived J.G. of rights and privileges secured to her by the Fourteenth Amendment to the United States Constitution and other laws of the United States.

73. The acts and omissions of the District, Bell, Logan, Wagner and D.H. deprived J.G. of her rights to life, liberty, and bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, for which Defendant are liable to Plaintiffs pursuant to 42 U.S.C. §1983.

74. As a direct and proximate result of the acts of Defendants, Defendants are liable to Plaintiffs in an amount yet to be determined however anticipated to be not less than Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE**, Plaintiff claims judgment against the Defendants and each of them, jointly and severally, as follows:

A. On the First Cause of Action, judgment against J.W. and D.W. for rape in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. On the Second Cause of Action, judgment against J.W. and D.W. for Sexual Battery in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

C. On the Third Cause of Action, judgment against J.W. and D.W. for Battery in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

D. On the Fourth Cause of Action, judgment against J.W. and D.W. for assault in an amount in excess of Seventy -Five Thousand Dollars ($75,000.00);

E. On the Fifth Cause of Action, judgment against J.W. and D.W. for false imprisonment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

F. On the Sixth Cause of Action, judgment against J.W. and D.W. for Intentional Infliction of Emotional Distress in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

G. On the Seventh Cause of Action, judgment against J.W. and D.W. for Negligent Infliction of Emotion Distress in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

H. On the Eighth Cause of Action, judgment against Defendants for Gross Negligence and Reckless Acts in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

I. On the Ninth Cause of Action, judgment against Defendants for Violation of Title IX in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

J. On the Tenth Cause of Action, judgment against D.H. for Failure to Report Child Abuse in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

K. On the Eleventh Cause of Action, judgment against Defendants for Loss of Consortium in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

L. On the Twelfth Cause of Action, judgment against Dow 2, Doe 3, Smith 2 and Smith 3, pursuant to Ohio Revised Code §3109.10 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

M. On the Thirteenth Cause of Action, judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

N. Punitive Damages in an amount yet to be determined;

O. Attorney Fees;

P. Costs of this action; and

Q. Such other and further relief as Plaintiffs may be entitled at law or in equity.

        Respectfully submitted,

        /s/ Richard A. Boucher, Esq. _____
        Richard A. Boucher, Esq. (0033614)
        Trial Attorney for Plaintiffs
        Julia C. Kolber, Esq. (0078855)
        Counsel for Plaintiffs
        BOUCHER & BOUCHER CO., L.P.A.
        12 W. Monument Avenue, Suite 200
        Dayton, Ohio 45402-1202
        Phone: (937) 223-0122
        Fax:    (937) 223-0120
        Email: richard@boucherandboucher.com

## **JURY DEMAND**

    Now come the Plaintiffs, by and through counsel, and hereby demand a trial by jury on all issues of this matter.

        /s/ Richard A. Boucher, Esq. _____
        Richard A. Boucher, Esq. (0033614)
        Trial Attorney for Plaintiffs