UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| J.G., et al., | : | Case No. 3:12-cv-386 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| D.W., et al., | : | |
| | : | |
| Defendants. | : | |

### ORDER AND ENTRY GRANTING PLAINTIFFS' MOTION REQUESTING DISMISSAL (Doc. 21) AND TERMINATING THE CASE

This civil case is before the Court on Plaintiffs' Motion Requesting Dismissal of all remaining claims in this case against Defendants J.W., Jane Doe 2 and John Smith 2 without prejudice. (Doc. 21). Defendants have not opposed Plaintiffs' Motion Requesting Dismissal and the time for doing so has expired. Accordingly, Plaintiffs' Motion is now ripe for decision by the Court.

Federal Rule 41(a)(2), provides that, absent a stipulation by all parties that have appeared in the case, a plaintiff may dismiss a complaint after the filing of an answer "only by court order, on terms that the court considers proper." Court approval in this situation is required in an effort "to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). District courts possesses discretion in determining "[w]hether dismissal should be granted under the authority of

Rule 41(a)(2)[.]" *Id.* (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).

District courts granting a request to dismiss without prejudice generally abuse the discretion afforded by Rule 41(a)(2) "only where the defendant would suffer 'plain legal prejudice' as a result . . ., as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988).  As noted by the Sixth Circuit:

> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citations omitted).  These factors, however, "are not an exclusive or mandatory list[,]" and district courts "need not analyze each factor or limit their consideration to these factors." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 502 (6th Cir. 2007) (citations omitted).  As noted by one court, "[t]ypical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (citations omitted).

Here, Defendants have not opposed Plaintiffs' Motion and, therefore, the Court must conclude that the expense and effort expended by Defendants should not preclude dismissal.  There is nothing before the Court evidencing any excessive delay or lack of

2

diligence on the part of Plaintiffs in prosecuting the action and no summary judgment motion was filed at this early stage of the litigation. While Plaintiffs set forth no explanation for the need to dismiss the case, Plaintiffs' lack of explanation, in and of itself, cannot support a conclusion that Defendants will suffer plain legal prejudice, especially in the absence of any opposition by Defendants.

Accordingly, for the foregoing reasons, Plaintiffs' Motion is **GRANTED** and the Court **ORDERS** that all claims against Defendants J.W., Jane Doe 2 and John Smith 2 are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2). There being no remaining claims before the Court, the Clerk shall **TERMINATE** this case on the docket.

**IT IS SO ORDERED.**

Date:  9/4/2013  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge